# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Assa Abloy Americas Residential, Inc.,** *Plaintiff*, <br><br> v. <br><br> **Multimodal LLC,** *Defendant*. | Case No. _____ <br><br> **PLAINTIFF ASSA ABLOY AMERICAS RESIDENTIAL, INC.'S DECLARATORY JUDGMENT COMPLAINT FOR PATENT NON-INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

## ORIGINAL DECLARATORY JUDGMENT COMPLAINT

Plaintiff Assa Abloy Americas Residential Inc. ("AAA Residential"), based on personal knowledge as to all acts or events that they have undertaken or witnessed, and upon information and belief as to all others, files this Original Declaratory Judgment Complaint against Defendant Multimodal LLC ("Defendant" or "Multimodal") and allege as follows:

## NATURE OF THE ACTION

1. This is an action arising under the Declaratory Judgment Act and patent laws of the United States seeking a declaratory judgment of non-infringement of United States Patent No. 7,045,763 (the "'763 Patent"). This declaratory judgment action by Plaintiff seeks a determination that United States Patent No. 7,045,763 (the "'763 Patent") is not infringed by Plaintiff.

2. Multimodal improperly filed suit against Assa Abloy Inc. ("AA Inc.") in the Western District of Texas on June 21, 2023, accusing AA Inc. of infringing the '763 Patent. *See Multimodal LLC v. Assa Abloy Inc.*, Civil Action No. 6:23-cv-457 (W.D. Tex.) (Rodriguez, J.), ECF No. 1 (the "Wrongly-Venued Texas Litigation"). Multimodal unilaterally dismissed this suit on August 17, 2023, without prejudice to refiling.

3. Multimodal also improperly filed suit against Spectrum Brands Holdings Inc. ("Spectrum") in the Western District of Wisconsin on June 21, 2023, accusing Spectrum of infringing the '763 Patent. *See Multimodal LLC v. Spectrum Brands Holdings Inc.*, Civil Action No. 3:23-cv-420 (W.D. Wisc.) (Crocker, J.), ECF No. 1 (the "Wrongly-Filed Wisconsin Litigation"). Multimodal has not dismissed this suit.

4. Neither AA Inc. nor Spectrum are the proper defendants in either the Wrongly-Venued Texas Litigation or the Wrongly-Filed Wisconsin Litigation.

5. Accordingly, Plaintiff is at risk that Multimodal will file suit against it in the future and allege infringement of the '763 Patent.

## JURISDICTION

6. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 et seq.

7. This court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

8. Personal jurisdiction over Multimodal is proper in this District because it is a corporation organized and existing under the laws of Delaware, and it has availed itself of the rights and benefits of the laws of Delaware. Upon information and belief, Multimodal has also filed suit in the District of Delaware against three other defendants, also asserting infringement of the '763 Patent.

## VENUE

9. Venue is proper in this district under 28 U.S.C. § 1391(b) because Multimodal is subject to personal jurisdiction in this judicial district, and has directed its business, licensing, and enforcement activities at this judicial district.

## PARTIES

10. Plaintiff Assa Abloy Americas Residential Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 110 Sargent Drive, New Haven, Connecticut, 06511.

11. Upon information and belief, Defendant Multimodal LLC is a limited liability company organized and existing under the laws of Delaware, with its principal place of business at 261 West 35th St, Suite 1003 New York, NY 10001.

## FACTS

### The Patent at Issue

12. Upon information and belief, United States Patent Number 7,045,763, entitled Object Recognition Lock, states a filing date of June 28, 2002, and an issue date of May 16, 2006. Attached as **Exhibit 1** is a copy of the '763 Patent.

13. Upon information and belief, the '763 Patent purports to be generally directed to a method for operating an object-recognition lock.

14. On information and belief, Multimodal has alleged it is the owner of all right, title, and interest in the '763 Patent.

### Existence of an Actual Controversy

15. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

### Western District of Texas Lawsuit

16. On June 21, 2023, Multimodal filed suit against AA Inc. in the Wrongly-Venued Texas Litigation, asserting patent infringement of the '763 Patent, including a claim chart identifying the Yale door lock YDM4115A as an exemplary accused product.

17. In the Western District of Texas complaint, Multimodal alleged AA Inc. "maintains an established place of business at 611 Center Ridge Drive, Austin, TX 78753" and "has engaged in systematic and continuous business activities in [the Western District of Texas]." *See* Case 6:23-cv-00457, ECF No. 1 at ¶¶ 3, 6, 7, 11.

18. AA Inc. is a holding entity, has no presence in the Western District of Texas, and has not engaged in any business activities in that district.[1]

19. Counsel for Multimodal was already aware of these jurisdictional facts due to his participation in another case he filed against AA Inc. in the Western District of Texas in December 2021. *See* **Exhibit 2**.

20. Multimodal provided no basis for reasserting the same incorrect jurisdictional allegations in the Wrongly-Venued Texas Litigation that are contrary to the facts already known to counsel for Multimodal.

21. Before AA Inc. could respond to Multimodal's complaint in the Wrongly-Venued Texas Litigation, Multimodal filed a voluntary dismissal without prejudice, which was granted on August 17, 2023. *See id.*, ECF Nos. 9, 10. The case and Multimodal's claims of patent infringement are therefore dismissed without prejudice to re-filing.

**Western District of Wisconsin Lawsuit**

22. On June 21, 2023, Multimodal also filed suit against Spectrum Brands Holdings, Inc. in the Western District of Wisconsin, asserting patent infringement of the '763 Patent, including a claim chart identifying the Kwikset Halo door lock as an exemplary accused product.

---

[1] *See* **Exhibit 2**, Case No. 6:21-cv-01325, Dkt. 7, Assa Abloy Inc.'s Motion to Dismiss at 1 ("ASSA ABLOY neither resides nor has a place of business in the Western District of Texas. … It is merely a holding company. … It does not, and never has, produced, manufactured, design, marketed, or sold any products or otherwise provided any services in Texas or anywhere else.").

*Multimodal LLC v. Spectrum Brands Holdings, Inc.*, Case No. 3:23-cv-420 (W.D. Wis.) (Peterson, J.) (hereinafter, the "Wrongly-Filed Wisconsin Litigation").

23. Prior to the filing of the Wrongly-Filed Wisconsin Litigation, Spectrum[2] and Assa Abloy[3] publicly announced on September 8, 2021, an agreement for Spectrum to sell its Hardware & Home Improvement segment to Assa Abloy, which includes the brand Kwikset.

24. Completion of the sale was publicly announced on June 20, 2023, by both Assa Abloy AB[4] and Spectrum Brands.[5]

25. Upon information and belief, Multimodal and its counsel did not perform a reasonable inquiry into the factual allegations used to assert claims against Spectrum in the Wrongly-Filed Wisconsin Litigation.

**COUNT ONE (Declaratory Judgment of Non-Infringement)**

26. Plaintiff repeats and realleges paragraphs 1 through 25 as if fully set forth herein.

27. Based on the foregoing and the aforementioned lawsuits filed in Texas and Wisconsin, a justiciable controversy exists between Plaintiff and Multimodal at least as to whether any of the accused Kwikset and Yale brand door lock products or any of AAA Residential's other products infringe the '763 Patent.

28. Absent a declaration of non-infringement, Multimodal (and its counsel) will continue to wrongfully allege that the Kwikset and Yale brand door lock products infringe the

---

[2] **Exhibit 3.1**. https://www.assaabloy.com/group/en/news-media/press-releases/id.d8b3d52336570325

[3] **Exhibit 3.2**. https://investor.spectrumbrands.com/news-releases/news-release-details/spectrum-brands-announces-definitive-agreement-sell-hardware

[4] **Exhibit 3.3**. https://www.assaabloy.com/group/en/news-media/press-releases/id.fa60357fd1af8060

[5] **Exhibit 3.4**. https://investor.spectrumbrands.com/news-releases/news-release-details/spectrum-brands-completes-sale-hardware-and-home-improvement

'763, thereby causing Plaintiff irreparable injury and damage.

29. A judicial declaration is necessary and appropriate so that AAA Residential may ascertain its rights regarding its products and the '763 Patent.

30. AAA Residential is entitled to a declaratory judgment that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claims of the '763 Patent under 35 U.S.C. § 271.

**WHEREFORE**, Plaintiff requests judgment against Multimodal as follows:

1. Adjudging that AAA Residential has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '763 Patent, in violation of 35 U.S.C. § 271;

3. A judgment that Multimodal and each of its officers, directors, agents, counsel, servants, employees, and all of persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that Plaintiff infringes any claims of the 763' Patent or from instituting or initiating any action or proceeding alleging infringement of any claims of the '763 Patent against Plaintiff or any related entities, as well as any customers, manufacturers, users, importers, or sellers of AAA Residential's products;

4. Declaring Plaintiff as the prevailing party and this case as exceptional, and awarding Plaintiff its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

5. That Multimodal be ordered to pay all fees, expenses, and costs associated with this action; and

6. Awarding such other and further relief as this Court deems just and proper.

Dated: August 23, 2023

Respectfully submitted,

FISH & RICHARDSON P.C.

*/s/ Jeremy D. Anderson*
Jeremy D. Anderson (#4515)
222 Delaware Ave., 17th Floor
P.O. Box 1114
Wilmington, DE 19801
(302) 652-5158 (Telephone)
(302) 652-0607 (Facsimile)
janderson@fr.com

Neil J. McNabnay
Ricardo J. Bonilla
Adil A. Shaikh
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)
mcnabnay@fr.com
rbonilla@fr.com
shaikh@fr.com

**COUNSEL FOR DEFENDANT FOSSIL GROUP, INC.**